**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

JOHN STANTON and HARV STRAUS,

    Plaintiffs,

    v.

GREENSTAR RECYCLED HOLDINGS, LLC,
and GREENSTAR, LLC,

    Defendants.

---

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 10-5658 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge:**

    This matter comes before the Court upon the motion of Defendants Greenstar Recycled Holdings, LLC ("GRH"), and Greenstar, LLC ("Greenstar") (collectively "Defendants"), to dismiss, in part, the complaint filed by Plaintiffs John Stanton and Harv Strauss (collectively "Plaintiffs"). *See* FED. R. CIV. P. 12(b)(6). (Doc. No. 5)  Plaintiffs oppose Defendants' present motion. (Doc. No. 8)  The Court has considered the parties' submissions and their arguments during a teleconference conducted on March 28, 2011.  Having done so, and for the following reasons, the Court will grant Defendants' motion.  Further, in light of that decision, the Court will remand this case to New Jersey state court.

### I.    BACKGROUND

    The following statement of facts assumes the truth of the allegations in Plaintiffs' complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  GRH is a Delaware company with a registered agent for service in Delaware and offices in Texas.  Greenstar is a

Delaware company with offices in Texas.  Plaintiffs allege Greenstar is the parent of GRH.

Plaintiffs were principals of Global Recycling Solutions, LLC ("Global") before Global's assets

were acquired by Greenstar New Jersey, LLC ("Greenstar NJ"), another alleged subsidiary of

Greenstar, in July 2008.  As part of the Asset Purchase Agreement ("Purchase Agreement")

governing the acquisition, Plaintiffs were hired by Recycled Holdings, LLC ("RH").  The

Purchase Agreement is not at issue in this case.  In July 2008, Plaintiffs each entered into an

Employment Agreement ("Employment Agreement") with RH.  Subsequently, GRH acquired

RH and, Plaintiffs assert, became party to and bound by Plaintiffs' Employment Agreements.

(Compl., ¶¶ 4, 5, 7, 8, 10, 14-17.)

The Employment Agreements at issue both offered Plaintiffs two-year and five-year

special bonuses conditioned upon renewal of the New Global County Contract ("Contract"), and

other milestones, on or before the two-year or five-year milestone date.  (Compl., ¶¶ 30, 34.)

Plaintiffs allege, and it appears undisputed, that the Contract was never renewed.  Plaintiffs assert

that but for Greenstar's allegedly arbitrary rejection of the Contract, Plaintiffs would have earned

the two-year and five-year bonuses pursuant to the terms of their Employment Agreements.

(Compl., ¶¶ 95, 98, 99, 103-118.)

Additionally, the Employment Agreements contain non-competition restrictive covenants

that for two years preclude Stanton from working "within two hundred (200) air miles" of any

GRH facility, and Straus from working "within one hundred (100) air miles" from any GRH

facility.  According to Plaintiffs' allegations, these restrictive covenants are supported by

consideration, including a promise by GRH to pay Plaintiffs an amount equal to their base

salaries through the end of the applicable terms of the Employment Agreements.  (Compl., ¶¶

2

127-138.)

Effective June 26, 2009, Straus was terminated without cause from GRH.  On April 22, 2010, Stanton was terminated without cause from GRH.  (Compl., ¶¶ 37, 40.)  Plaintiffs claim that by withholding payment of special bonuses and by binding Plaintiffs to "onerous and unreasonable" non-compete covenants without bargained-for consideration, Defendants have breached the terms in the Employment Agreements, breached the implied duty of good faith and fair dealing, and unjustly enriched their corporations.  (Compl., ¶¶ 127-138.)

Based generally upon the foregoing allegations, Plaintiffs filed suit in New Jersey state court.  Defendants timely removed to this Court on November 1, 2010, based upon the parties' diversity of citizenship pursuant to 28 U.S.C. 1332.  In their complaint, Plaintiffs lodge the following seven causes of action under New Jersey law: breach of contract (Counts I, II, III and V); breach of the implied covenant of good faith and fair dealing (Count VI); unjust enrichment (Count VII); and a demand for declaratory judgment rendering the non-compete restrictive covenants void and unenforceable (Count IV).  In response, Defendants filed both the present motion to dismiss Counts I, II, V, VI, and VII pursuant to Rule 12(b)(6), and an answer that denies Plaintiffs' allegations in the remaining Counts III and IV.  (Doc. Nos. 5, 6)  As noted, Plaintiffs oppose Defendants' present motion.  On March 28, 2011, after the present motion was fully briefed, the Court conducted a teleconference with the parties.  During that teleconference, the parties addressed various issues, and most notably, stipulated that if Defendants' present motion is granted, the two remaining counts in Plaintiffs' complaint do not satisfy the $75,000 amount in controversy threshold for diversity jurisdiction pursuant to 28 U.S.C. 1332.

## II.    DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court is required to accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom, and to view the facts in the light most favorable to the non-moving party. *Sadruddin v. City of Newark*, 34 F. Supp. 2d 923, 925 (D.N.J. 1999); *see also Gen. Motors Corp. v. New A Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S.Ct. at 1965, 1974.  The *Twombly* plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands a showing that there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. At 1949 (quoting *Twombly*, 550 U.S. at 556).

A court need not accept " 'unsupported conclusions and unwarranted inferences,' " *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res., Inc. v.*

4

*Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)).  In determining whether to grant a motion to dismiss, a court may consider only the complaint, attached exhibits, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d. Cir. 1993).  Granting a motion to dismiss under 12(b)(6) is proper if the allegations in the complaint amount to no more than "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F.Supp.2d 607, 609 (D.N.J.2006) (citing *Papasan v. Attain*, 478 U.S. 265, 286 (1986)).  A claim may be dismissed with prejudice if amendment to the Complaint would be futile; that is, the Complaint could not be amended to state a legally-cognizable claim.  *In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

### B.  Application

It is well-established under New Jersey law that courts cannot change the terms of a contract, but can "only enforce the contracts which the parties themselves have made."  *Kamf v. Franklin Life Ins. Co.*, 33 N.J. 36, 43 (1960).  The unambiguous terms of the Employment Agreements preclude Counts I, II, V, VI, and VII of Plaintiffs' complaint for the following reasons.

#### 1.  Breach Of Contract – Unpaid Bonuses

In support of their breach of contract claims, Plaintiffs allege that they met the two-year and five-year bonus milestones, and alternately, that GRH's rejection of the Contract made it impossible for Plaintiffs to earn their bonuses.  To succeed on a breach of contract claim,

5

Plaintiffs must show the following: 1) a contract; 2) a breach of the contract; 3) damages resulting from the breach; and 4) that the party alleging the breach performed its own contractual duties. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). Here, Plaintiffs clearly fail to state a plausible cause of action for breach of contract.

Defendants argue that the express language of the Employment Agreement indicates that Plaintiffs were only conditionally entitled to special bonuses. (Defendant's Brief at 11.) This Court agrees. The express language of the Agreement provides:

> (d) <u>Special Bonuses</u>. Employee shall receive the following special bonuses after two years and five years of employment with the Company as set forth below, if the following milestones are achieved . . .
> (i) <u>Two-Year Bonus</u>. Subject to the terms hereof, the Company shall pay to the Employee . . . the following bonus amounts, but only if the following milestones are achieved on or prior to the Two Year Milestone Date . . .
> (ii) <u>Five-Year Bonus</u>. Subject to the terms hereof, the Company shall pay to the Employee . . . the following bonus amounts, but only if the following milestones are achieved on or prior to the Five Year Milestone Date . . .

(Compl., ¶ 34.) The Employment Agreements therefore unambiguously established that achievement of certain conditions precedent was required before Plaintiffs' bonuses could become payable. In their complaint, Plaintiffs note a variety of conditions precedent in the Contract and the corresponding bonus amounts if each were achieved. Plaintiffs, however, fail to allege, or even plausibly suggest, that they actually achieved any of the conditions precedent. In fact, in the one area of their pleadings where they do make affirmative factual allegations, they expressly assert that the Contract was not renewed by Defendants. As a result, GRH has no duty to pay the bonuses. *See Castle v. Cohen*, 840 F.2d 173, 177 (3d Cir. 1988) (finding a valid

6

condition precedent where express language required an act to be performed before a contractual right accrued).

Moreover, Plaintiffs' argument that Defendants "frustrat[ed]" their efforts to negotiate the Contract fails to support a breach of contract claim because Defendants expressly reserved discretion to accept or reject the Contract in Section 3.1(d)(ii) of the Employment Agreements, which states that the contract "[t]erms in each case must be acceptable to the Company." (Compl., Exhibit A at 44 and Exhibit B at 63.)  The Employment Agreements impose no commitment on GRH to accept a contract.  Therefore, the Court finds that Plaintiffs' claims that Defendants breached the Employment Agreements by failing to pay special bonuses are without merit, and will be dismissed.

### 2. Breach Of Contract – Unpaid Salaries

Plaintiffs' claim that GRH breached the contract by failing to pay their base salaries during the non-compete period is barred under the same analysis.  Plaintiffs' allegation that the "Employment Agreements obligate GRH and Greenstar to pay Stanton and Straus their full base salary during the pendency of these restrictive covenants" is in direct contradiction to the plain language of the relevant provision in the Employment Agreement.  (Compl., ¶¶ 139-145.)  The Employment Agreements expressly promised to pay Plaintiffs "through the end of the then applicable Term of this Agreement an amount equal to his Base Salary in accordance with the Company's normal payroll practices in the absence of a termination by the Company for cause." (Compl., Exhibit A at 49, Exhibit B at 68.)  The "Term" is defined in Section 1.1 as "beginning as of the Effective Date and ending on the second anniversary of the Effective Date . . . referred to herein as the 'Term.'"  (Compl. Exhibit A at 39, Exhibit B at 58.)  The Effective Date is the

7

date that the Employment Agreements were signed between Plaintiffs and Defendants – July

2008.  *Id.*  There is no language in the Employment Agreements that guarantees compensation to

Plaintiffs throughout the non-compete period.  Furthermore, no outside warranties are valid per

Section 9.13, which expressly disavows any outside "covenants, promises, representations,

warranties and agreements between the Parties with respect to employment of Employee by the

Company."  (Compl., Exhibit A at 54 and Exhibit B at 73.)  Thus, the plain language of the

Employment Agreements render Plaintiffs' claims unsupportable as a matter of law.  As such,

Plaintiffs' claims will be dismissed.

### 3. Breach Of The Implied Covenant Of Good Faith And Fair Dealing

Plaintiffs allege that Defendants breached their implied duty of good faith and fair dealing

by frustrating Plaintiffs' abilities to earn their special bonuses, and by withholding payment of

special bonuses.  (Compl., ¶¶ 146-156.)  First, the Court reiterates that Plaintiffs' foregoing

breach of contract claims related to the special bonuses fail as a matter of law, and therefore,

Plaintiffs' arguments regarding the implied duty of good faith and fair dealing, which are

inherently based upon those claims, also fail.  In an abundance of caution, however, the Court

will explain why the implied covenant of good faith and fair dealing claims fail as a matter of

law of their own accord.

Under New Jersey law, "an allegation of bad faith or unfair dealing should not be

permitted to be advanced in the abstract and absent proper motive."  *Wilson v. Amerada Hess

Corp.*, 168 N.J. 236, 251.  It is proper to dismiss a claim of bad faith where the Plaintiff did not

allege facts showing dishonesty or bad faith.  *See Emerson Radio Corp. v. Orion Sales, Inc.*, 80

F.Supp. 2d 307, 311 (D.N.J. 2000) (explaining that New Jersey "cases note a state of mind or

8

malice-like element to breach of good faith and fair dealing, holding that the duty excludes activity that is unfair, not decedent or reasonable, nor dishonest").

Here, Plaintiffs point to Defendants' "wholesale rejection of the five-year New Global County Contract" as one of their "first bad acts." (Compl., ¶ 68.)  Plaintiffs further aver that "Greenstar agreed it would accept a contract similar in form and substance to the Global Contract . . . and that Greenstar had the right to reject a new five-year contract only if the proposed contract required unforeseen, unreasonable demands." (Compl., ¶ 75.)  As discussed above, however, Defendants had no contractual duty to accept a contract.  *See Rudbart v. North Jersey Dist. Water Supply Comm'n*, 127 N.J. 344, 365-66, 605 A.2d 681 (1992) (holding that the covenant of good faith and fair dealing does not change the written terms of the contract). Moreover, the Employment Agreements contain no such warranty; its terms clearly disavow outside agreements or promises.  (Compl., Exhibit A at 54, Exhibit B at 73.)  Furthermore, by signing the Employment Agreements, Plaintiffs acknowledged, "that no representation, inducement, promise or agreement, oral or written, has been made by either Party, or by anyone acting on behalf of either Party, which is not embodied herein . . ." *Id.*  Thus, stripped of bald allegations, labels, and legal conclusions, Plaintiffs' complaint is barren of any plausible allegation that could support their asserted causes of action for breach of the implied covenant of good faith and fair dealing.  Indeed, the Court concludes that when Plaintiffs' complaint is viewed through the lens of the Employment Agreements' clear terms, Plaintiffs' claims of bad faith are wholly unsupportable.  As such, Plaintiffs' foregoing claim will be dismissed.

### 4. Unjust Enrichment

In New Jersey, an unjust enrichment claim is properly dismissed under 12(b)(6) if there exists a "valid and enforceable" contract between the parties.  *Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 Fed. Appx. 944, 947 (3d Cir. 2004) (dismissing a similar claim because an unjust enrichment claim is "only supportable when the parties' rights are not governed by a valid, enforceable contract.").  A Plaintiff may recover under the remedy of unjust enrichment only when there was no express contract providing for remuneration.   In this case, unjust enrichment is not an available remedy to Plaintiffs because there is an express contract governing the subject matter on which the unjust enrichment claim is based.  *See Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (holding that a valid contract prevents recovery under unjust enrichment).  As such, Plaintiffs' foregoing claim will be dismissed.

### 5. *Amendment Would Be Futile*

In their opposition, Plaintiffs request permission to amend their complaint.  The Court concludes, however, that amendment of any of Plaintiffs' foregoing claims would be futile.  As noted above, the unambiguous language of the Employment Agreements paired with Plaintiffs' express allegations renders Plaintiffs' claims facially insufficient as a matter of law.  *See In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997);  See *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (determining that an amendment is futile if it "advances a claim or defense that is legally insufficient on its face.").   Thus, the Court will deny Plaintiffs' request to amend, and will dismiss Plaintiffs' foregoing claims with prejudice.

### 6.  *Remand Of Plaintiffs' Remaining Claims Is Appropriate*

As noted above, all of Plaintiffs' foregoing claims will be dismissed with prejudice. Thus, the only claims that remain in this case are: (1) Plaintiff John Stanton's claim for breach of contract based upon GRH's alleged failure to pay him 64 hours of vacation pay under his Employment Agreement (Count III); and (2) Plaintiffs' joint claim for a declaratory judgment regarding the restrictive covenants in the Employment Agreements pursuant to N.J.S.A. 2A:16-50, *et seq.* (Count IV)  During the March 28, 2011 teleconference, however, the parties stipulated that these two remaining claims do not present an amount in controversy that meets or exceeds $75,000, the threshold necessary to establish diversity jurisdiction pursuant to 28 U.S.C. 1332.  Defendants removed this case to this court based upon 28 U.S.C. 1332.  (Doc. No. 1) Therefore, in light of the Court's ruling and the parties' stipulation, federal subject-matter jurisdiction no longer exists in this case.  As such, the Court will remand Plaintiffs' remaining claims to New Jersey state court.[1]

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be GRANTED, and Plaintiffs' noted causes of action will be dismissed with prejudice.  Further, the Court will REMAND Plaintiffs' remaining claims to New Jersey state court.  An appropriate form of order accompanies this memorandum opinion.

Dated: March 31, 2011

          /s/ Garrett E. Brown, Jr.
          GARRETT E. BROWN, JR., U.S.D.J.

---

[1] In light of this decision, the Court need not address corporate veil piercing.